```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/11/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,                   :
                                                                              :      09-CR-415 (VEC)
      -against-                                      :
                                                                              :      ORDER
ANTONIO ROSARIO,                                  :
                                                                              :
                        Defendant.  :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

      Defendant Antonio Rosario moves for compassionate release based on preexisting medical conditions that elevate his risks should he contract COVID-19.[1] He has exhausted his administrative remedies, 18 U.S.C. § 3582(c)(1)(A), and the Court now reaches the merits of his motion. Mr. Rosario is currently held at Metropolitan Detention Center ("MDC") Brooklyn. This Court resentenced him on September 24, 2019, after the parties agreed to vacate his Section 924(c) conviction post-*United States v. Davis*, 139 S. Ct. 2319 (2019). At resentencing, the Court varied upward from the sentencing guidelines and re-imposed a sentence of 180 months—matching his previous sentence—which the Court considered sufficient but not greater than necessary to achieve the purposes of sentencing. Mr. Rosario has served approximately 133 months of that sentence, and has a scheduled release date in May 2022. On May 22, 2020, the Court held oral argument on his motion for compassionate release.

      Mr. Rosario appealed his sentence. That appeal is currently pending before the Second Circuit, divesting this Court of jurisdiction to rule on his compassionate release motion. Even so, the Court may deny the motion or issue an indicative ruling that it would grant Mr. Rosario's

---

[1] His motion was styled as a motion for reconsideration of his sentence, compassionate release, or release to home detention. The Court has no authority to reconsider his sentence, *see* 18 U.S.C. 3582(c), or to release him to home detention, *see United States v. Stahl*, No. 18-CR-694, 2020 WL 1819986, at *1 (S.D.N.Y. 2020).

motion should the Second Circuit remand his case to this Court's jurisdiction. Fed. R. Crim. Proc. 37(a)(2)–(3). For the following reasons, the motion is DENIED without prejudice.

Assuming the confluence of Mr. Rosario's medical conditions and the BOP's handling of the pandemic presents "extraordinary and compelling reasons" to reduce his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), the Court nonetheless finds that the factors set forth in 18 U.S.C. § 3553(a) outweigh those reasons and mitigate against a reduction in his original sentence. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 429, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the Court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence."); *Cf. United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020) (granting compassionate release for an immunocompromised defendant with asthma).

Notably, Mr. Rosario's conditions—chronic pulmonary obstructive disease ("COPD") and hypertension, which is well controlled with medication[2]—are on the boundary of what district courts have found justify compassionate release during pandemic times.[3] Mr. Rosario, at 48-years old, is outside the highest risk age group. And MDC Brooklyn's pandemic response, despite "fall[ing] short in key respects," is nonetheless "robust," as this Court recently found. *Id.*; *see also Chunn v. Edge*, No. 20-CV-1590, 2020 WL 3055669, at *1 (E.D.N.Y. June 9, 2020)

---

[2] The Court acknowledges that there may be some evidence that the ACE inhibitors that Mr. Rosario takes to control his blood pressure are themselves associated with increased risk to COVID-19. *See* Def.'s Letter dated May 22, 2020 (Dkt. 293) at 2.

[3] *See, e.g.*, *United States, v. Adams*, No. 16-CR-86, 2020 WL 3026458, at *2 (D. Conn. June 4, 2020) (colleting cases). *Compare United States v. McCarthy*, No. 17-CR-0230, 2020 WL 1698732, at *2 (D. Conn. Apr. 8, 2020) (granting release to 65-year-old defendant with COPD and asthma detained at MDC Brooklyn) *with United States v. Salemo*, No. 11-CR-0065, 2020 WL 2521555, at *2 (S.D.N.Y. May 17, 2020) (denying release to 74-year-old defendant with COPD detained at FCI Fairton in New Jersey).

(finding after a two-day evidentiary hearing that "MDC officials have recognized COVID-19 as a serious threat and responded aggressively").

Considered against Mr. Rosario's violent history and poor record of institutional adjustment, a sentence reduction is not in order.  He was convicted of armed robbery, where he forced a pharmacist to the ground at gunpoint, stole opioids and other medications from the pharmacy, and fled in a getaway car.  Before that conviction, in 2002, Mr. Rosario pulled a gun during a dispute and shot the other party; that crime was resolved with a plea to criminal possession of a loaded firearm.  Post-conviction, Mr. Rosario accumulated a long list of disciplinary infractions with the BOP, including refusing work assignments and possessing unauthorized tools and substances.  Additionally, his insight into this own poor decision-making was, at the time of his resentencing, quite limited.  Specifically, in response to the question of how he had changed since the commission of the armed robbery that was at issue in this case, Mr. Rosario responded: "I'm not [going] to be around any of those people ever again . . . .  I mean, those who I considered my friends, didn't have my best interests at heart."  Resentencing Tr. (Dkt. 278) at 20.

The Court notes too that Mr. Rosario's reentry plan is undeveloped.  He says that he will live with his friend in Bayside, New York, and she confirms that she would provide him a home, but it is not clear how many persons live in that household, what their COVID-19 status is, or what living arrangements they would make.  Mr. Rosario also has only a vague hope to return to his former plumbing job and a promise from a friend to help him find warehouse work.

Although the Court will not issue an indicative ruling that it would grant Mr. Rosario's motion, several factors counsel in favor of a without-prejudice denial.  First, Mr. Rosario has had no disciplinary infractions for the past year and has recently been given excellent job

performance reviews. That is some evidence that his troubling institutional adjustment may have turned a corner toward positive behavior. Second, BOP has reported that it has no clear plans yet for transferring inmates like Mr. Rosario (*i.e.*, sentenced inmates who are not designated to MDC Brooklyn) to their designated facilities. Transferring inmates is crucial to reducing the population at MDC and, consequently, the risks of COVID-19 infection. Moreover, transferring Mr. Rosario to his designated facility will allow him access to a broader range of educational programs and, hopefully, admission into RDAP.[4] Finally, Mr. Rosario has been subjected to harsh conditions at MDC, including a recent incident during which he inhaled pepper spray that carried over from a neighboring cell resulting in a medical emergency. BOP should expedite its efforts to transfer inmates to their designated facilities.

Accordingly, Mr. Rosario's motion for compassionate release is DENIED without prejudice. Should the BOP not transfer him to his designated facility within the next three months or should MDC Brooklyn's handling of the pandemic deteriorate, then he may reapply.

The Clerk of Court is respectfully directed to terminate docket entry 281.

**SO ORDERED.**

**Dated: June 11, 2020**
    **New York, NY**

                                                  **VALERIE CAPRONI**
                                                  **United States District Judge**

---

[4] Although Defendant was previously not eligible for a sentence reduction for completing RDAP, he was offered a position in the program. Previously, he declined that offer. It is hoped that if it is offered again, Mr. Rosario will accept the offer.