```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
                                                              DOC #:_____
UNITED STATES DISTRICT COURT                                  DATE FILED: 11/25/2020
SOUTHERN DISTRICT OF NEW YORK
```

------------------------------------------------------------- X
UNITED STATES OF AMERICA,                    :
                                             :                09-CR-415 (VEC)
      -against-                  :
                                             :                <u>ORDER</u>
ANTONIO ROSARIO,                             :
                                             :
                                 Defendant.       :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Defendant Antonio Rosario submits a renewed request for compassionate release after the Court denied his initial request on June 11, 2020. *See* Order, Dkt. 297. As with his first motion, Mr. Rosario moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on several preexisting medical conditions that elevate his risk of serious illness or death should he contract COVID-19. *See* Mot., Dkt. 301. In its June 11, 2020 Order, the Court invited Mr. Rosario to reapply for compassionate release "[s]hould the [Bureau of Prisons ("BOP")] not transfer him to his designated facility within the next three months or should [Metropolitan Detention Center ("MDC")] Brooklyn's handling of the pandemic deteriorate." Order at 4. While at the time he filed his renewed request Mr. Rosario was still being held at MDC Brooklyn, BOP has since transferred him to his designated facility, USP Lewisburg. *See* Def. Reply at 2, Dkt. 306.

      As the parties both highlight, Mr. Rosario's appeal of his sentence is still pending before the Second Circuit, thereby divesting this Court of jurisdiction, other than to deny his motion or issue an indicative ruling that the Court would grant Mr. Rosario's motion should the Second Circuit remand his case to this Court or should Mr. Rosario drop his appeal. *See* Fed. R. Crim. P. 37(a)(2)–(3). Because the Court finds that the section 3553(a) factors continue to weigh

against a sentence reduction despite the existence of extraordinary and compelling reasons justifying release, Mr. Rosario's renewed application for compassionate release is DENIED without prejudice.

As an initial matter, the conditions under which the Court invited Mr. Rosario to reapply for compassionate release are now moot: Mr. Rosario has been transferred to USP Lewisburg, and, while no longer relevant to Mr. Rosario, MDC Brooklyn has seemingly continued to effectively control the spread of COVID-19 within its facility. *See* Def. Reply at 2 (confirming that Mr. Rosario was transferred to USP Lewisburg at the end of September); *COVID-19: Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 24, 2020) (showing one active infection among inmates and eight active infections among staff, as of November 20, 2020, in MDC-Brooklyn). And while USP Lewisburg suffered a significant COVID-19 outbreak shortly before Mr. Rosario's arrival, as of the date of this Order, there are no active infections among inmates and only five active infections among staff in that facility. *See id.*; *see also* Gov't Response at 3 n.2, Dkt. 305 (noting that "all 84 infected inmates and two staff have recovered" since the August 2020 outbreak at USP Lewisburg).

In response to Mr. Rosario's initial motion for compassionate release, the Government argued that Mr. Rosario's medical conditions did not establish extraordinary and compelling reasons under § 3582(c)(1)(A). *See* Dkt. 283. The Government now concedes that, in accordance with new guidance from the Centers for Disease Control ("CDC"), Mr. Rosario's chronic pulmonary obstructive disease ("COPD") does demonstrate an extraordinary and compelling circumstance. Gov't Response at 3 n.1. The Court agrees that Mr. Rosario's medical conditions — including not just COPD but also hypertension and obesity — considered in the context of the COVID-19 pandemic satisfy the extraordinary and compelling analysis

under § 3582(c)(1)(A).  *See* Mot. at 1.  As experts at the CDC and elsewhere continue to develop a better understanding of the comorbidities that render individuals more susceptible to serious illness from COVID-19, courts have appropriately adjusted their interpretations of what constitutes extraordinary and compelling reasons in the midst of an ongoing pandemic.  *See, e.g.*, *United States v. Sterling*, No. 16-CR-488, 2020 WL5549965, at *1 (S.D.N.Y. Sept. 16, 2020) (finding defendant with COPD, asthma, and other medical conditions demonstrated extraordinary and compelling reasons); *United States v. Hernandez*, No. 10-CR-1288-LTS, 2020 WL 3893513, at *2 (S.D.N.Y. July 10, 2020) (deeming medical conditions including COPD and obesity to constitute extraordinary and compelling circumstances); *United States v. McCarthy*, 453 F. Supp. 3d 520, 526–27 (D. Conn. 2020) (granting release to 65-year-old defendant with COPD and asthma detained at MDC Brooklyn).

  Nevertheless, as it did when considering his initial request, the Court finds that the section 3553(a) factors weigh against granting Mr. Rosario an early release.  *See* Order at 3–4.  Although the Court is pleased to see that Mr. Rosario has continued to avoid any disciplinary issues in the months since assessing his initial motion for compassionate release, the Court still must consider the totality of Mr. Rosario's record.  Ultimately, the approximately 14 months in which Mr. Rosario has seemingly begun to "turn[] a corner toward positive behavior" neither negates nor overcomes his exceptionally lengthy history of criminal behavior and poor institutional adjustment.  *See id.* (detailing Mr. Rosario's criminal and disciplinary history).  The Court therefore finds that the goals of sentencing, including the need to reflect the seriousness of the offense, deterrence, and to protect the public from further crimes of the Defendant, militate against a sentence reduction.  18 U.S.C. § 3553(a).

Accordingly, Mr. Rosario's motion for compassionate release is DENIED without prejudice.  Should conditions at USP Lewisburg deteriorate in a meaningful way, Mr. Rosario may reapply for compassionate release.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 301.

**SO ORDERED.**

**Dated: November 25, 2020**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**