USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA,  :
: 09-CR-415 (VEC)
-against-  :
: ORDER
ANTONIO ROSARIO,  :
:
Defendant.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 6, 2020, Mr. Rosario filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. 281;

WHEREAS on June 11, 2020, the Court denied Mr. Rosario's motion for compassionate release, assuming that the confluence of his medical conditions and the COVID-19 pandemic presented extraordinary and compelling circumstances, but finding that the 18 U.S.C. § 3553(a) factors outweighed those circumstances and mitigated against a reduction of his sentence, Dkt. 297;

WHEREAS the Court invited Mr. Rosario to submit a renewed request for compassionate release should the Bureau of Prisons ("BOP") fail to transfer him to his designated facility within the subsequent three months or should MDC Brooklyn's handling of the COVID-19 pandemic deteriorate, *see id.*;

WHEREAS on September 16, 2020, Mr. Rosario, still housed at MDC Brooklyn as of that date, submitted a renewed request for compassionate release, Dkt. 301;

WHEREAS the Government opposed Mr. Rosario's renewed request, conceding that, pursuant to new guidance from the Centers for Disease Control ("CDC"), Mr. Rosario's medical

conditions established extraordinary and compelling reasons, but maintaining that the section 3553(a) factors still did not support early release, Dkt. 305;

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *see United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020);

WHEREAS on November 25, 2020, the Court denied Mr. Rosario's renewed motion for compassionate release, Dkt. 307;

WHEREAS the Court noted that, due to Mr. Rosario's pending appeal of his sentence before the Second Circuit, the Court could only deny his motion or issue an indicative ruling that the Court would grant his motion were the Second Circuit to remand or should Mr. Rosario drop his appeal, *see id.*; *see also* Fed. R. Crim. P. 37(a)(2)–(3);

WHEREAS the Court further noted that the conditions under which it invited Mr. Rosario to reapply for compassionate release were then moot, as Mr. Rosario had been transferred to USP Lewisburg from MDC Brooklyn, Dkt. 307;

WHEREAS the Court found that Mr. Rosario's medical conditions, including chronic pulmonary obstructive disease, hypertension, and obesity, considered in the context of the COVID-19 pandemic, constituted extraordinary and compelling reasons supporting a reduction in his sentence, *id.*;

WHEREAS the Court held that granting Mr. Rosario compassionate release would not be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) given his "exceptionally

lengthy history of criminal behavior and poor institutional adjustment," despite Mr. Rosario's relatively recent history of good behavior, *id.*;

WHEREAS on December 10, 2020, the Court received a letter requesting reconsideration of the denial of Mr. Rosario's compassionate release motion, Dkt. 309;[1] and

WHEREAS on December 17, 2020, Mr. Rosario filed a supplemental letter in further support of his request for reconsideration, Dkt. 310;

IT IS HEREBY ORDERED that Mr. Rosario's motion for reconsideration is DENIED. Motions for reconsideration are not included in the Federal Rules of Criminal Procedure but are allowed as a matter of practice. *See, e.g.*, *United States v. Dieter*, 429 U.S. 6, 7–9 (1976); *United States v. Healy*, 276 U.S. 75, 77–79 (1964). Borrowing from the civil context, the legal standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). *See also* Local Criminal Rule 49.1(d) (requiring that a motion for reconsideration be accompanied by a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

In requesting reconsideration, Mr. Rosario presses the Court to consider the more restrictive conditions of confinement to which he has been subjected over the past nine months as a result of the COVID-19 pandemic, and especially over the past three months as he has faced

---

[1] Pursuant to Local Criminal Rule 49.1(d), a motion for reconsideration must be filed within 14 days after the Court's determination of the original motion. Counsel for Mr. Rosario filed its motion on December 10, 2020, just outside that 14-day period. Because the Court's order came down the day before a national holiday and to avoid prejudice to the Defendant on a technical matter, the Court considers Mr. Rosario's motion for reconsideration on the merits.

a constant quarantine.  *See* Dkt. 309.  In his supplementary letter, Mr. Rosario also points to the increasing number of COVID-19 infections in his facility as an additional reason supporting reconsideration of the Court's order denying him compassionate release.  *See* Dkt. 310.  As an initial matter, while not expressly mentioned in the Court's order, the harsher conditions of confinement that inmates have faced as a result of lockdowns and other measures due to COVID-19 is a factor that this Court has considered in weighing every motion for compassionate release before it during the course of this pandemic.  Nevertheless, the terms of Mr. Rosario's incarceration appear to have been even more restrictive in the months since he submitted his second request for compassionate release due to lengthy quarantines in contemplation of facility transfers.  *See* Dkt. 309.  Similarly, the significant increase in the number of inmates and staff with active COVID-19 infections at both his current facility and the facility to which he is supposed to be transferred is also a new development that the Court could not have considered at the time of his renewed request for compassionate release.  *See* Dkt. 310.

Despite this new information, the Court still finds that the section 3553(a) factors weigh against an early release.  As the Court noted in its decision denying Mr. Rosario's renewed request for compassionate release, the Court is encouraged by Mr. Rosario's continued good behavior, but it must consider the totality of his history in determining whether the section 3553(a) factors support granting him the extraordinary relief of a sentence reduction.  *See* Dkt. 307.  The Court continues to believe that Mr. Rosario's relatively short track record of infraction-free incarceration does not outweigh his lengthy criminal history and poor disciplinary record while incarcerated.

The Court's decision notwithstanding, and understanding the efforts BOP must undertake to properly safeguard the health of inmates and staff alike, the Court urges BOP to expedite Mr.

Rosario's transfer, to the extent possible, or otherwise lift Mr. Rosario's restrictive quarantine conditions until such time as transfer is a realistic possibility.  The Court cannot understand why Mr. Rosario should have to spend multiple months in quarantine, as his counsel reports.  *See* Dkt. 309.  Finally, *if* the conditions of confinement and the infection rate within BOP facilities have not improved as a result of increased testing or the forthcoming vaccine, the Court would be willing to reconsider Mr. Rosario's request for a sentence reduction to the extent he completes a 24-month period free of any disciplinary infractions.[2]

The Clerk of Court is respectfully requested to terminate the open motion at Dkt. 309.

**SO ORDERED.**

**Date:  December 24, 2020**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[2]  Per defense counsel's calculations, that would entail approximately five additional months without infractions.  *See* Dkt. 309 at 2 n.1.