USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA, :
: 09-CR-415 (VEC)
-against- :
: ORDER
ANTONIO ROSARIO, :
:
Defendant. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 6, 2020, Mr. Rosario filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. 281;

WHEREAS on June 11, 2020, the Court denied Mr. Rosario's motion for compassionate release because the 18 U.S.C. § 3553(a) factors outweighed any extraordinary and compelling circumstances that may have existed and mitigated against a reduction of his sentence, Dkt. 297;

WHEREAS on September 16, 2020, Mr. Rosario submitted a renewed request for compassionate release, Dkt. 301;

WHEREAS on November 25, 2020, the Court denied Mr. Rosario's renewed motion for compassionate release, concluding that, even though his medical conditions, considered in the context of the COVID-19 pandemic, constituted extraordinary and compelling reasons supporting a reduction in his sentence, his "exceptionally lengthy history of criminal behavior and poor institutional adjustment" still tipped the section 3553(a) factors against an early release, Dkt. 307 at 3;

WHEREAS on December 10, 2020, Mr. Rosario filed a motion requesting reconsideration of the Court's decision to deny his renewed motion for compassionate release, Dkt. 309;

WHEREAS on December 24, 2020, the Court denied Mr. Rosario's request for reconsideration, stating that, despite Mr. Rosario's continued recent good behavior while incarcerated, the totality of his criminal history and disciplinary record still weighed against a sentence reduction, Dkt. 311;

WHEREAS the Court also stated that "*if* the conditions of confinement and the infection rate within BOP facilities have not improved as a result of increased testing or the forthcoming vaccine, the Court would be willing to reconsider Mr. Rosario's request for a sentence reduction to the extent he completes a 24-month period free of any disciplinary infractions," *id.* at 5;

WHEREAS on February 22, 2021, the Second Circuit issued its mandate affirming Mr. Rosario's conviction and sentence and the Court's June 11, 2020 denial of Mr. Rosario's motion for compassionate release, Dkt. 315;

WHEREAS on June 17, 2021, Mr. Rosario filed another renewed motion for compassionate release, citing, *inter alia*, his continued track record of infraction-free behavior in the preceding months, his litany of medical conditions that have purportedly gone untreated in Bureau of Prisons ("BOP") custody during the pandemic, the harshness of his incarceration during the pandemic, and the proximity of his scheduled release from prison to a halfway house, Def. Mem., Dkt. 318; *see also* Def. Reply, Dkt. 322;

WHEREAS the Government continues to oppose Mr. Rosario's request for a sentence reduction, arguing that the section 3553(a) factors continue to militate against early release, Gov't Opp., Dkt. 320; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing

factors set forth in 18 U.S.C. § 3553(a), *see United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020);

IT IS HEREBY ORDERED that Mr. Rosario's renewed motion for compassionate release is GRANTED.  Mr. Rosario's sentence will be reduced to time served plus three weeks to allow the Probation Department to arrange for Mr. Rosario's transfer to a halfway house.

Having previously conceded that Mr. Rosario's medical conditions qualify as extraordinary and compelling circumstances, the Government does not appear to withdraw its concession on his renewed motion.  *See* Gov't Opp. at 3.  Similarly, the Court reiterates its conclusion that Mr. Rosario has presented extraordinary and compelling circumstances warranting a sentence reduction, notwithstanding his having received a COVID vaccine and the significantly lower case rates within BOP facilities, including at FCI Hazelton.  As the Delta variant has proven, this pandemic is far from over, and the effectiveness of the COVID vaccines against new variants, especially for individuals with a variety of recognized comorbidities, such as Mr. Rosario, is still unknown.  Moreover, Mr. Rosario presents with a host of other medical conditions for which he believes he is not receiving adequate attention due to modified BOP operations on account of the pandemic.  *See* Def. Mem. at 2–3; *see also* Med. Records.  Finally, as the Court has previously noted, Mr. Rosario has undoubtedly suffered through harsher conditions of confinement than initially anticipated, which supports the Court's conclusion that he has demonstrated extraordinary and compelling justifications for his release.  *See United States v. Romero*, No. 15-CR-445-18, 2021 WL 1518622, at *4 (S.D.N.Y. Apr. 16, 2021) (finding that the pandemic had subjected defendant "to far more restrictive conditions of confinement" and recognizing "that a day spent in prison custody in exceptionally arduous

conditions [such as those that have existed during the pandemic] is properly viewed as equivalent to more than a day in ordinary custody").

The Court is also convinced that a confluence of conditions now existing tilt the section 3553(a) factors in favor of an early release. To his credit, Mr. Rosario has continued to engage in positive behavior for more than two full years, the minimum period of infraction-free behavior that the Court deemed necessary before it would again consider whether to grant Mr. Rosario compassionate release. *See* Dkt. 311 at 5. During this period, Mr. Rosario has also earned commendations from his BOP supervisors. *See* Dkt. 322-1. The Court does not disagree with the Government that Mr. Rosario's "violent history has not changed . . . [, n]or has his long record of poor institutional adjustment." Gov't Opp. at 3. But nothing can erase that history. Instead, the Court credits Mr. Rosario for continuing to demonstrate that he has turned a corner — hopefully for good — toward a clean and positive lifestyle after years of falling victim to impulses of violence and criminal behavior.

Mr. Rosario is presently scheduled to be released to a halfway house on or around November 23, 2021. *See* Def. Reply at 1. Accordingly, by granting Mr. Rosario's request for compassionate release and ordering him to spend a period of up to eight months at a halfway house as a special condition of supervised release, the Court is, in effect, reducing his sentence by only three months. In light of the enhanced punishment that Mr. Rosario has experienced on account of BOP-instituted restrictions during the COVID pandemic, a modest three-month sentence reduction does not undermine the goals of deterrence or ensuring a sentence commensurate with Mr. Rosario's criminal conduct.

Finally, the Court believes that the conditions of supervised release to which Mr. Rosario will be subject should minimize the risk that Mr. Rosario will pose a danger to the community.

Upon the expiration of the special condition of supervised release of up to eight months' residence in a halfway house, the Court expects that Mr. Rosario will abide closely by the terms of his supervision, including maintaining full-time employment.

For the foregoing reasons, Mr. Rosario's request for compassionate release is GRANTED. Mr. Rosario's sentence is reduced to time served, plus three weeks to allow the Probation Department to arrange for his transfer to a halfway house. The Court imposes two new special condition of supervision as follows: (1) "Upon release from custody, you must reside in a Community Corrections Center as directed by the Probation Officer until the sooner of eight months or until you have held verifiable full time employment (defined as at least 35 hours per week) for four months."; and (2) "You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to search pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner." All special conditions of supervision imposed at the time of sentence remain in effect.

The Clerk of Court is respectfully requested to terminate the open motion at Dkt. 318.

**SO ORDERED.**

Date: **August 19, 2021**
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**